EBEN M. JONES *vs.* JAMES ROBERTS.

York, 1875.—March 1, 1876.

Where a judge at *nisi prius* decides the attesting witnesses to a deed to be out of the state and on that account admits secondary evidence of the execution of the instrument, his decision of fact is not reviewable by the law court.

Where the testimony of neither of the subscribing witnesses to a deed can be obtained, proof of the handwriting of the grantor is admissible, without first proving the handwriting of the witnesses.

Where a deed is first delivered to the grantee named therein after it has been

recorded by the grantor, the grantee takes the deed and its registration with the same effect thenceforward as if recorded by him at the date of its delivery.

A conveyance by a father as a gift to his son, executed for the purpose of depriving the father's future wife to whom he was then engaged of dower in the premises conveyed, is not a fraudulent and void conveyance as against the future creditors of the grantor.

ON EXCEPTIONS.

WRIT OF ENTRY.

The plaintiff claimed title through deed of his father, Eben Jones, to himself and two brothers, and through deeds of his brothers to him. The defendant claimed through a levy as judgment creditor against Eben Jones and one Hanscom, the judgment being founded on a note wherein Eben was an accommodation signer for Hanscom. The plaintiff had the apparent prior record title through a deed which the defendant sought to impeach as a fraud against his future wife when given and as a continuing fraud against subsequent creditors. It appeared by the deposition of Eben, introduced by the defendant, that his deed to his sons made in 1839 was then placed in the hands of one James Jones with directions to keep it till the grantees became of age and then to deliver to them, that he was then owing nothing, that his reason for making the deed was that the mother of the grantees had died and he thought of marrying again and was afraid that his wife outliving him would take the property from the boys.

At the trial, the plaintiff, after introducing the deed from his father to himself, offered a deed from his brother John A. Jones, then and at the time of its execution living in Wisconsin; and the witness to whom it was returned testified that he did not know the whereabouts of the subscribing witnesses or that they were within this state. Thereupon the presiding justice, against the defendant's objection, ordered the deed to be read on proof of the handwriting of the grantor.

The dates of the material transactions are as follows: the deed of 1839 was recorded January 28, 1865; the deed of John A. Jones to plaintiff of January 13, 1865, was recorded September 22, 1874. The note was dated October 5, 1858; judgment rendered upon it in favor of plaintiff, May term, 1868. An action

of debt on the judgment was brought in August, 1873, and a new judgment recovered September term, 1873, upon which execution issued, and a levy was completed upon the *locus* January 3, 1874, after which plaintiff brought suit. The defendant, the verdict being for the plaintiff, alleged exceptions.

*W. J. Copeland,* for the defendant, contended in support of his exceptions that the deed from John A. Jones to the plaintiff was improperly received without the production of the subscribing witnesses or proof of their handwriting and without evidence that they were not living and residing within the jurisdiction of the court; that their handwriting should at least have been proved; that the instructions of the judge, "that if the purpose of Eben Jones in executing the deed of 1839 was to prevent his future wife to whom he was then engaged from having dower in the estate it would not authorize subsequent creditors to impeach the deed" was erroneous. By the statute of 13 Eliz., conveyances made to defraud creditors and others were void. The person to whom Eben Jones was engaged had a right of action against him if he declined to marry her. If he married her, he and his estate were bound for her support, and she had the right of dower and other equitable interest in the estate. The conveyance was voluntary and fraudulent as to the future wife of Eben Jones; if not strictly a creditor she was of the "others" protected by the statute of 13 Eliz. *Livermore* v. *Boutelle,* 11 Gray, 217. The conveyance, being both fraudulent and voluntary, was a continuing fraud and void both as to existing and subsequent creditors. There was a secret trust which rendered it void as to subsequent creditors. *Hall* v. *Sands,* 52 Maine, 355. The deed being voluntary and not being delivered or recorded until after the debt to the defendant was incurred, credit being given upon the possession and apparent ownership and record title, it had, as against the defendant, no effect until delivery and registration; the defendant is to be treated as a prior creditor. *Smith* v. *Lowell,* 6 N. H., 67. *Paul* v. *Crooker,* 8 N. H., 288.

*W. Emery,* for the plaintiff.

PETERS, J. The deed of John A. Jones to the plaintiff was properly received in evidence. The deed was executed out of the state. The person receiving it and recording it here testified that he did not know the whereabouts of the subscribing witnesses, or that they were within this state. Thereupon the court allowed the deed to be read, upon proof of the handwriting of the grantor. This amounted to a decision of the judge at *nisi prius*, that as a matter of fact the subscribing witnesses were not, at the time of the trial, within the jurisdiction of the court, and to this decision of fact exceptions do not ordinarily lie. The secondary evidence was therefore admissible. *Woodman* v. *Segar*, 25 Maine, 90.

The defendant objects to the validity of one of the deeds under which the plaintiff claims, that it was recorded before it was delivered, and was not recorded afterwards. This objection is of no avail. When a grantee named in a deed, already registered, takes a delivery of such deed, he accepts it and its registration with the same effect thenceforward as if recorded by him at the date of its delivery. *Parker* v. *Hill*, 8 Metc., 447.

Another point is taken. As to one of the deeds under which the plaintiff claims title to the *locus*, the jury were substantially instructed, *inter alia*, that if the only purpose of the plaintiff's grantor in executing the deed was to deprive his future wife, to whom he was then engaged, of her dower in the premises, that fact would not give to the conveyance such a character as would authorize subsequent creditors to impeach it on the ground of fraud, although a voluntary conveyance without any pecuniary consideration therefor. In this connection, it must be borne in mind that the judge had already fully and favorably to the defendant instructed the jury as to the effect of the conveyance, provided the jury should find that there was a secret trust intended by the parties to the deed. No fault can be found with this instruction. The grantee receives the deed as a gift. No secret trust is intended or established. The title is never reclaimed by the grantor, nor attempted to be. We do not understand that the future creditors of the grantor have any reserved rights in this estate, because the grantor preferred to give it to a son rather than that dower in it should enure to a person who was not then his wife. The case

of *Livermore* v. *Boutelle*, 11 Gray, 217, cited, (see similar case of *Bailey* v. *Bailey*, 61 Maine, 361,) does not apply to these facts. The wife is not a party here. If a fraud was meditated against her, it was not against anybody else. But the cases of *Baker* v. *Chase*, 6 Hill, 482, and *Rowland* v. *Rowland*, 2 Sneed, Tenn., 543, do apply exactly, and are in accordance with our decision here.                                *Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.